347 So.2d 1047 (1977)
Kurt VERSEN, Appellant,
v.
Helen A. VERSEN, Appellee.
Nos. 76-62, 76-2124.
District Court of Appeal of Florida, Fourth District.
March 4, 1977.
*1048 S. Robert Zimmerman, P.A., Pompano, for appellant.
David B. van Kleeck of Tylander, de-Claire, Becker & van Kleeck, Chartered, Boca Raton, for appellee.
PAUL, MAURICE M., Associate Judge.
This is an appeal from that portion of final judgment of dissolution of marriage awarding the wife lump sum alimony, periodic alimony, a finding of "special equity" in the husband's property, and awarding wife certain real property in a corporation named Kurver Investments, Inc., which corporation was not a party to the instant lawsuit. This appeal is also from certain orders and judgments "clarifying" the original final judgment.
A little background information is in order. The parties were married on August 4, 1953. In October 1973, the wife filed for dissolution of the marriage in Broward County. Final hearing was set for February 15, 1974 but the wife took a voluntary dismissal thereof, without prejudice, on February 11, 1974. On the same day she took her voluntary dismissal in Broward County, the wife filed an action for "alimony unconnected with divorce" in the Circuit Court of Palm Beach County, which was transferred to Broward County on husband's motion for change of venue. While the foregoing litigation was in process, the wife also filed an action against the husband, Amdico Corporation, and one Walter Sylvester, to set aside a certain conveyance. Finally, on April 1, 1974, the husband filed his petition for dissolution of marriage. On May 19, 1975, an order was entered dismissing all of the lawsuits filed by the wife, and allowing her "... if she is so advised, many set forth in her pleadin [sic] in this cause as a Counter Claim or otherwise all or any of her allegations in the above stated causes. The Wife's pleadings shall be filed and served pursuant to the Rules within Twenty (20) days from the date of this Order and thereafter all of said issues will be determined in this cause to the extent that the Wife may so plead." (emphasis supplied.)
On June 5, 1975, the wife, pursuant to the last quoted order, supra, filed an Answer to husband's Petition for Dissolution, admitting the marriage, denying specifically that it was irretrievably broken, and sought no affirmative relief such as for alimony, special equity, attorney fees, or suit money. The wife also filed a Counterclaim in two counts seeking, in Count One, "alimony unconnected with dissolution" as provided in section 61.09, Florida Statutes, and in Count Two, to set aside conveyance of certain described personal property.
*1049 Upon the issues joined by the pleadings, final hearing commenced on August 4, 1975. The first witness called was to corroborate the husband's residence. Next, the husband testified as to his age, 74 and his wife's age, 68, identified his previously prepared financial affidavit, described the standard and manner of living he and his wife had shared, and told why the marriage was irretrievably broken. Upon cross-examination, when the wife's attorney started inquiring as to the husband's assets, the husband's attorney objected, stating, ". . I don't think it is material, in my opinion, whether this man's assets are three hundred and two thousand dollars or whether they are three hundred and fifty thousand dollars for the purpose of this Court in making an award of alimony, and that is all that is requested in this lawsuit." After this statement, the following colloquy took place:
"MR. VAN KLEECK: Well, Judge, we have pending a separate maintenance suit, that is correct. Mr. Versen has pending a divorce action. I think it's apparent from his attitude that he is a bitter and hostile old man and nobody is going to live with him. It is probably likely the Court is going to grant a divorce.
If the Court does, I claim that she is entitled to a property division, and I want the Court to understand fully 
MR. ZIMMERMAN: Where did you claim that?
MR. VAN KLEECK: What? I don't have to claim it.
MR. ZIMMERMAN: I don't know of any such claim, your Honor. I'm going by the pleadings.
MR. VAN KLEECK: He has a suit for divorce here. You're saying that the Court should award alimony and not consider property division.
MR. ZIMMERMAN: Are you praying for it? Did you ask for it? You have to ask for it to get it.
MR. VAN KLEECK: Excuse me, I thought that was in your prayer, is it not?
MR. ZIMMERMAN: All we're asking for is a dissolution, a very simple complaint. There's no counterclaim for property division. To make it very simple, your Honor, it's our contention that these parties own certain properties as tenants by the entireties.
THE COURT: By action of law, tenants in common.
MR. ZIMMERMAN: Tenants in common.
MR. VAN KLEECK: She has equity in his property other than that which the testimony is going to bring out.
MR. ZIMMERMAN: I'm going to object to it. There is no pleading for it. I am not prepared for that after two years.
MR. VAN KLEECK: Your Honor, I submit that the only proper course for the Court in this kind of situation is to determine the property rights of the parties when the divorce is asked for and the Wife is seeking support. If the Court feels it can't, I'm happy to amend them to comply with the evidence at this point.
Now, it's apparent that he has substantial properties, and she has a marriage of long standing here. I think it's apparent from the evidence that I am prepared to offer that she has an equitable interest in several of the properties. It's not simply a matter of the Court granting a divorce and leaving the property at the operation of the law.
THE COURT: Are you moving to amend?
MR. VAN KLEECK: If the Court feels necessary.
MR. ZIMMERMAN: I'm going to object to any amendment, your Honor. This case is two years old and has been on the calendar a long time. My client is 74 years old. Any amendment at this time would require a continuance. He doesn't plead anything like that.
MR. VAN KLEECK: Your Honor, we have been going back and forth during two years to find exactly what his assets and liabilities are and obligations are, and so forth. This case is fully prepared for trial. This is no surprise to anybody.
THE COURT: Motion to Amend will be granted. Proceed.

*1050 MR. ZIMMERMAN: Note my objection, then, your Honor. If it's not in any pleadings and if he's amending his pleadings, it's on his part of the case and not mine. All I'm asking for is a divorce right now.
THE COURT: It would be in his part of the case, yes, but in light of this exhibit that has been entered, that's the question now, the assets of Kurver Investment and the common stock. Proceed.
MR. ZIMMERMAN: Wait a minute. Then is she claiming a special equity in the corporate property?
MR. VAN KLEECK: Yes.
MR. ZIMMERMAN: I'm going to object to that now, your Honor. The corporation is not a defendant.
MR. VAN KLEECK: Not in the corporate assets, per se, but in the stock of the corporation which he owns.
THE COURT: The stock in the corporation he owns? I understand that.
MR. ZIMMERMAN: Okay.
THE COURT: Proceed.
MR. VAN KLEECK: Thank you, your Honor.
THE COURT: Objection overruled."
Although many points are raised on this appeal, they all need not be reached by this Court since we are of the opinion that the lower court erred when it permitted the wife to amend her Counterclaim, over objection, during the trial which in effect allowed the introduction of a new and distinct cause of action on her behalf. If amendment was to be permitted at this late stage of the proceedings, minimum due process would dictate that a continuance be offered or granted.
Although F.R.Civ.P. 1.190, and the cases interpreting and construing it, dictate a liberality on part of the trial judge in granting motions to amend, Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla.1st DCA 1975), this "liberality" gradually diminishes as the case progresses to trial, United States v. State, 179 So.2d 890 (Fla.3d DCA 1965). Also, this rule of liberality does not authorize a party to state a new and different cause of action under guise of an amendment, or if it will change the issue, introduce new issues, or materially vary the grounds of relief, United States v. State, supra, and such amendments must not prejudice the opposing party, Tucker v. Daugherty, 122 So.2d 230 (Fla.2d DCA 1960). It is also true that the trial judge's conclusion to permit or refuse amendment to pleadings will not be disturbed on appeal in absence of some demonstration that he has abused his discretion. See, Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla.2d DCA 1961), and Joseph T. Miller Construction Company v. Borak, 82 So.2d 147 (Fla. 1955).
Under the facts of this case, the lower Court abused its discretion in permitting the amendment as it prejudiced the appellant in his ability to adequately prepare a defense to the new claims for lump sum alimony, special equity in husband's properties, and seeking to have a corporation, not a party to the proceedings, be subject to the court's judgment. Since the amendment was improper, the supplementary judgments and orders modifying or explaining it are also reversed.
The interests of justice would be best served by permitting the trial court, on remand, to allow written amendments to the pleadings and then to proceed to a full determination of the issues made between the parties rather than simply affirm the dissolution of the marriage and the award of periodic alimony and reverse the remainder of the judgment.
This Court expresses no opinion on the issues of lump sum alimony, a finding of special equity in the husband's properties, or in awarding the wife specific corporate assets when the corporation was not a party to the proceedings.
The final judgment appealed from, together with all modifications and clarifications, is AFFIRMED as to the dissolution of the marriage and is REVERSED in all other particulars.
AFFIRMED, in part; REVERSED, in part; REMANDED for further proceedings in accordance with this opinion.
CROSS, J., and CARLTON, CHARLES T., Associate Judge, concur.