710 So.2d 567 (1997)
James NOBLE, M.D., Appellant/Cross-appellee,
v.
MARTIN MEMORIAL HOSPITAL ASSOCIATION, INC., Richmond Harman, Kenneth Ferguson, Larry Buchanan and Dr. Albert Gardner, Appellees/Cross-Appellants,
No. 96-1845.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
Rehearing Denied March 19, 1998.
Thomas E. Kingcade, West Palm Beach, for appellant/cross-appellee.
G. Bruce Hill and William W. Large of Adams, Hill, Reis, Adams, Hall & Schieffelin, Orlando, for appellees/cross-appellants.
MAY, MELANIE G., Associate Judge.
Allegations of conspiracy and intrigue within a hospital and a doctor's allegations of the appellees' failure to comply with hospital by-laws formed the basis of the Third Amended Complaint in this case. Noble *568 sued for monetary damages, alleging various causes of action. The trial court dismissed certain counts of the First and Second Amended Complaint based upon a change in the wording of section 395.0193, Florida Statutes (1995). Subsequently, the trial court denied Noble's motion for leave to amend and entered summary judgment on the Third Amended Complaint. The trial court then denied the appellees' motion for attorney's fees. From these rulings, Noble appeals and the appellees cross-appeal.
The appellees based their motion for summary judgment upon the provisions of the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101 et seq. (West 1995). This Act provides immunity from monetary damages for those involved in professional review actions if certain criteria are met. Those criteria require that the professional review actions be taken:
(1) in the reasonable belief that the action was in the furtherance of quality healthcare,
(2) after reasonable effort to obtain the facts of the matter,
(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the person under the circumstances, and
(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort.
42 U.S.C. § 11111(a)(2).
The appellees came forward on their motion for summary judgment with substantial proof of compliance and relied upon a recent federal decision which held that compliance with the procedural requirements of the HCQIA entitled them to immunity as a matter of law. Bryan v. Holmes Reg'l Med. Ctr., 33 F.3d 1318 (11th Cir.1994), cert. denied, 514 U.S. 1019, 115 S.Ct. 1363, 131 L.Ed.2d 220 (1995). The trial court reviewed the criteria and judicially determined, as is appropriate, that immunity protected the appellees in this case. We have also reviewed the record and find that the trial court properly entered summary judgment.
The next issue raised is whether the trial court properly denied Noble's motion for leave to amend the Third Amended Complaint to add a request for injunctive relief. The denial was within the discretion of the trial court and is affirmed. Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977); Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3rd DCA 1981).
The litigation in this case had been pending for almost five years. The appellees filed their motion for summary judgment on August 21, 1995. On September 18, 1995, Noble moved to amend his complaint without attaching the proposed Fourth Amended Complaint, and later amended that motion. On March 19, 1996, the court heard the motion for summary judgment. The court denied the motion for leave to amend on April 12, 1996, and granted the motion for summary judgment on April 24, 1996.
This Court has consistently enforced the provisions of Rule 1.190 of the Florida Rules of Civil Procedure, which provides for liberality in the granting of motions for leave to amend. However, this Court has also recognized that the trial court possesses the discretion to deny such motions where appropriate. See Versen, 347 So.2d at 1047.
There comes a point in litigation where each party is entitled to some finality. The rule of liberality "gradually diminishes as the case progresses to trial." Versen, 347 So.2d at 1050. A party should not be permitted to amend its pleadings for the sole purpose of defeating a motion for summary judgment. See Inman v. Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3rd DCA 1977).
In this case, four years and four complaints passed with no request for injunctive relief. The claim for monetary damages stood alone for over four years. This is not a case where Noble needed an opportunity to reallege a cause of action that he had overlooked during the early part of the litigation. Rather, it is a case where Noble did not want injunctive relief until it appeared that his quest for monetary damages had come to an end.
*569 While Noble filed his motion for leave to amend the Third Amended Complaint soon after the motion for summary judgment was filed, no action was taken to set the motion for hearing and no amended complaint was attached. It appears that Noble only wanted the injunctive relief if his request for monetary relief was to be denied. The trial court properly exercised the discretion given to it in denying Noble's motion for leave to amend at this juncture of the litigation.
The trial court also granted a motion to dismiss certain counts of the First and Second Amended Complaint. In ruling on the motion, the court specifically found that the amendment of section 395.0193, Florida Statutes, which changed the words "actual malice" to "intentional fraud," effectively changed the meaning of the statute. The new language no longer provided a cause of action for allegations which fell below the standard of intentional fraud. We agree with the trial court's ruling in this regard.
The last issue involves the appellees' request for attorney's fees pursuant to section 766.101(6)(a), Florida Statutes (1991). The appellees filed a motion for attorney's fees, "pursuant to Florida statutes and case law." The trial court denied the motion and held each party liable for their own attorney's fees.
Section 766.101(6)(a) provides:
In the event that the defendant prevails in an action brought by a health care provider against any person that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.
§ 766.101(6)(a), Fla. Stat. (1991). The statute is mandatory, not discretionary. Fees should have been awarded to the individual appellees. The only question is whether the hospital qualifies as a "person," pursuant to the statute.
The Third District Court of Appeal has held that a health maintenance organization is a person, pursuant to the statute. See Pardell v. Humana Med. Plan, Inc., 580 So.2d 286 (Fla. 3rd DCA 1991). There is no rational reason why the hospital should not be entitled to the same relief. We therefore reverse the trial court in this regard only.
The case is affirmed in all respects except for the trial court's ruling on the appellees' motion for attorney's fees. This ruling is reversed and the case is remanded to the trial court for determination of attorney's fees.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER and FARMER, JJ., concur.