MAY, J.
The plaintiff, Cousins Restaurant Associates, appeals a summary judgment entered against it in an action for tortious interference with an advantageous business relationship, and intentional and negligent misrepresentation. It argues the court erred when it denied the motion for leave to amend and entered summary judgment. We agree and reverse the summary judgment because we find that the trial court erred in denying the motion for leave to amend.
The complaint grew out of a failed business plan for the development and operation of a Friday’s restaurant near the Saw-grass Mills Mall. The plaintiff planned to acquire property satisfactory to TGI Friday’s, Inc., [TGIF] and enter into a management contract with TGIF to operate and manage the restaurant. Based upon TGIF’s assurances, the plaintiff sent a letter of intent to the property owner, conditioning the purchase upon TGIF’s approval of the selected site and entry into the management agreement. Needless to say, all did not go as planned. Subsequently, TGIF opened a company-owned restaurant within two-tenths of a mile from the plaintiffs originally proposed site.
The failure of the plan to reach its goal resulted in the plaintiff filing a complaint against TGIF. The first complaint alleged claims for breach of contract, breach of fiduciary duty, breach of covenant of good faith and fair dealing, a violation of section 817.416(2)(a), Florida Statutes (Supp.1996), and fraud. The trial court granted TGIF’s motion to dismiss without prejudice.
In July, 1997, the plaintiff filed an amended complaint, alleging claims for tortious interference with an advantageous business relationship and intentional and negligent misrepresentation. The trial court granted TGIF’s motion to dismiss the tortious interference claim without prejudice. The plaintiff sought leave to amend, which was resolved by an agreed order. In August, 1998, the plaintiff filed its second amended complaint, again alleging claims for tortious interference with an advantageous business relationship and intentional and negligent misrepresentation.
Two years of litigation transpired. In June, 2000, the plaintiff substituted counsel. In November and December, 2000, the plaintiff filed notices for jury trial expecting to receive a trial date several months into the future. On January 2, 2001, the court set trial for July 23, 2001. On January 29, 2001, the plaintiff moved to amend the complaint to include four (4) additional claims: tortious interference with an advantageous business relationship,[1] promissory estoppel, violation of the Florida Deceptive and Unfair Trade Practices Act, and breach of an oral contract. The court denied the motion.
*982 TGIF then filed a motion for summary judgment as to the plaintiffs second amended complaint. The trial court granted the motion and entered summary judgment. It is from this judgment and the court’s denial of the motion for leave to amend that the plaintiff appeals.
Florida Rule of Civil Procedure 1.190(a) provides that leave to amend “shall be given freely when justice so requires.” Trial courts’ decisions on motions for leave to amend are reviewed under an abuse of discretion standard. Video Indep. Med. Examination, Inc. v. City of Weston, 792 So.2d 680 (Fla. 4th DCA 2001). “Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.” Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996). The trial court did not rely on any of these reasons.
This is not a case where the plaintiff filed repetitive motions for leave to amend and abused the privilege. In fact, this was the first request for leave to amend unrelated to a defense motion to dismiss. This is not a case where the court found that TGIF would be prejudiced by the amendment. This is not a case where the court reviewed the allegations and determined that their pursuit would be futile.
It is a case where the trial court believed that the plaintiff made an intentional misrepresentation to the court that “[it was] ready to go to trial on the pleadings as they then existed while possessed of the knowledge that [it was] not ready to go to trial on the pleadings as they then existed.” It was the chronology of the plaintiffs filings, the notice of trial prior to the motion for leave to amend, that served as the court’s basis for denial of the motion. This is not a recognized basis for denying the motion for leave to amend.
As counsel explained during the hearing, it had anticipated that the trial date would be set far enough into the future to allow time for the amendment. The plaintiff sought to add claims based upon the same facts and circumstances underlying the existing complaint. The plaintiff advised the court that there would be no need to continue the trial date. And, the plaintiff was right. The trial date was set seven months into the future.
In reversing the summary judgment, we find no error in the court’s ruling on the three claims for relief that existed when the motion for summary judgment was heard. However, the denial of the plaintiffs motion for leave to amend deprived the plaintiff from asserting other claims, which may or may not have survived the motion. We do not pass on the viability of those claims. They may ultimately fail to survive the defenses that TGIF is sure to raise. However, the plaintiff is entitled to its day in court, given the lack of abuse and prejudice evident on this record. We leave to the trial court the issue of the alleged futility of these claims.[2]
REVERSED AND REMANDED.
STEVENSON and HAZOURI, JJ., concur.

. The Third Amended Complaint alleged two counts of tortious interference. Each count related to one of the two parcels of property considered for the location of the Friday’s restaurant.

. We have not considered the court’s ruling on the request for production. The court may reconsider this issue upon remand in light of this opinion.