WARNER, J.
Newman appeals a final judgment in favor of Shirley Adkinson and State Farm.[1] The sole issue is whether the trial court abused its discretion by denying Newman’s motion for leave to file a second amended complaint. We reverse.
In 1994, Newman was injured in a multi-vehicle collision involving Adkinson. She filed suit against Adkinson in January 1998. In January 1999, Newman amended her complaint to add a count against State *1206 Farm, her uninsured/underinsured motorist insurance carrier, for damages Newman sustained in excess of Adkinson’s policy limits.
In May of 1999, the trial court set the case for trial for the calendar starting on January 3, 2000. On September 29, 1999, State Farm took the deposition of Mr. Chaviat Mata, who was also involved in the multi-vehicle collision. He stated that while driving on 1-95, he observed a mattress fall off a pick-up truck some distance ahead of him. The cars in front of Mr. Mata slowed down. When Mr. Mata slowed his speed, Newman’s Jeep hit his car from behind. The truck that had carried the mattress did not stop.
On November 4, 1999, Newman sought leave to file a second amended complaint. The motion was set on a November 18 motion calendar. At the hearing, counsel for, State Farm asserted that there was insufficient time to argue the law as to whether the new claim was barred by the statute of limitations and whether the new claim against the new phantom defendant related back to the original complaint against Adkinson. Newman’s attorney acknowledged that the police report placed them on notice of the mattress, but argued that they did not know until the deposition that there was a witness who claims that he saw it fall immediately before the accident.
The trial court denied the motion as untimely because the trial had already been set for January and the information making up the new claim against State Farm was known to Newman since 1994. The case proceeded to trial where the jury found that Adkinson was not negligent.
Florida Rule of Civil Procedure 1.190(a) provides that leave to amend pleadings “shall be given freely when justice so requires.” Although the policy in Florida to liberally allow amendments where justice requires diminishes as the case progresses to trial, see Allett v. Hill, 422 So.2d 1047, 1049 (Fla. 4th DCA 1982), in exercising its discretion to allow the amendment, the trial court should still weigh the amendment in terms of the prejudice to the opposing party in the preparation for trial. See Dimick v. Ray, 774 So.2d 830, 833 (Fla. 4th DCA 2000). If the amendment simply restates an issue already present in the case of which the opposing party is aware and needs no extensive preparation for trial, then there may be no prejudice to the opposing party and great prejudice to the moving party to deny the amendment.
In this case, the amendment would merely add the existence of a phantom vehicle to the claim against State Farm for uninsured motorist coverage, coverage that Newman bought and paid for. It did not state a new cause of action but introduced an alternative theory of causation based upon Mata’s deposition. State Farm knew about this possible additional theory at least from the time of the deposition and did not suggest that the amendment would entail additional discovery or the continuation of the scheduled trial. Its sole contention was that it relied on further claims being barred by the statute of limitations, a claim we find lacking any merit as it arose out of the same incident as the initial complaint. Indeed, State Farm relied upon this alternative theory at trial to avoid liability when it argued that Adkinson should not be liable because the accident was caused by the negligence of the phantom pick-up truck which dropped the mattress on the highway. Thus, State Farm used the negligence of the phantom vehicle to defeat Newman’s claim, even though it should have been liable under its uninsured motorist coverage if either Ad-kinson or the phantom vehicle were hable for the accident.
While the trial court’s discretion in denying leave to amend complaints is broad, *1207 it is not unlimited. Under the circumstances of this case, we conclude that the court abused its discretion in denying the motion to amend the complaint. We reverse and remand for the trial court to grant the amendment of the complaint and further proceedings thereon.
STEVENSON, J., concurs.
STONE, J., dissents with opinion.

. Adkinson has been voluntarily dismissed as a party to this appeal.