DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE MARQUESA AT PEMBROKE PINES CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**CHRIS POWELL,**
Appellee.

No. 4D14-1348

[February 3, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE1130800(21).

Douglas H. Stein of Seipp, Flick & Hosley, LLP, Miami, for appellant.

Jerome L. Tepps of Jerome L. Tepps, P.A., Sunrise, for appellee.

FORST, J.

Appellant, The Marquesa at Pembroke Condominium Association, appeals the denial of its motion to amend its complaint to add a breach of contract cause of action and the grant of summary judgment in favor of Appellee Chris Powell. We do not disturb the summary judgment with respect to the sole count in the initial complaint. However, because we agree with Appellant's arguments challenging the denial of its motion, we hereby reverse and remand this case to the trial court for further proceedings.

**Background**

Appellant filed a complaint in December 2011 seeking to foreclose on Appellee's condo unit for failure to pay maintenance fees and assessments. Appellee failed to answer at this time and a default was entered against him. In June 2012, Appellee moved to set aside the default and asserted that Appellant's lien had expired. By agreed order, the motion to set aside the default was granted, and Appellee answered the complaint, asserting the expiration of the lien as a defense.

Appellee moved for summary judgment in August 2012 and twice set his motion for hearing, in September and December 2013. The first hearing was cancelled, and Appellant failed to attend the second hearing. At the end of the following February, Appellant moved to amend its complaint to add a new count for breach of contract, again based on the failure to pay fees and assessments. The trial court conducted a hearing on March 6 to address both the motion for summary judgment and the motion to amend. The trial court issued an order granting Appellee's motion for summary judgment on the basis that Appellant's lien had expired. After the court entered a final judgment for Appellee, a motion for rehearing was filed by Appellant, incorporating a renewed motion to amend. This motion was also denied. None of the aforementioned orders explicitly addressed the motion to amend.[1]

Appellant asked for and received a second hearing on the motion to amend and the motion was explicitly denied without further explanation (as was a subsequent motion for rehearing). Appellant now appeals the denial of its motion to amend and the granting of summary judgment in favor of Appellee.

**Analysis**

Florida Rule of Civil Procedure 1.190(a) states

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. . . . Leave of court shall be given freely when justice so requires . . . .

This rule "reflect[s] a clear policy that, absent exceptional circumstances, requests for leave to amend pleadings should be granted." *Thompson v. Jared Kane Co., Inc.*, 872 So. 2d 356, 360 (Fla. 2d DCA 2004). "'Leave to amend should be freely given, the more so . . . when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought.'" *Dausman v. Hillsborough Area Reg'l Transit*, 898 So. 2d 213, 215 (Fla. 2d DCA 2005) (quoting *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968, 970 (Fla. 5th DCA 1994)).

---

[1] Appellant admits that this failure to address its motion to amend is an implicit denial of the motion. *See Skilled Servs. Corp. v. Reliance Ins. Co.*, 763 So. 2d 1092, 1094 (Fla. 4th DCA 1999).

2

"A trial court's refusal to allow amendment . . . generally constitutes an abuse of discretion 'unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.'" *PNC Bank, N.A. v. Progressive Emp'r Servs. II*, 55 So. 3d 655, 660 (Fla. 4th DCA 2011) (quoting *Fields v. Klein*, 946 So. 2d 119, 121 (Fla. 4th DCA 2007)). In *Quality Roof Services, Inc. v. Intervest National Bank*, 21 So. 3d 883 (Fla. 4th DCA 2009), this Court held that "[a] court 'should be especially liberal when leave to amend is sought at or before a hearing on a motion for summary judgment.'" *Id.* at 885 (quoting *Thompson v. Bank of N.Y.*, 882 So. 2d 768, 770 (Fla. 4th DCA 2003)). However, "[t]his liberality in granting leave to amend diminishes as the case progresses to trial." *Lasar Mfg. Co. v. Bachanov*, 436 So. 2d 236, 237-38 (Fla. 3d DCA 1983).

Appellee does not argue that the amendment would be futile. Thus, the issues on appeal are whether the privilege to amend had been abused, and whether the amendment would prejudice Appellee. To that end, reversal is supported by our decision in *Cousins Restaurant Associates ex rel Cousins Management Corp. v. TGI Friday's, Inc.*, 843 So. 2d 980 (Fla. 4th DCA 2003). In *Cousins*, the plaintiff filed an initial complaint alleging a variety of counts stemming from the failure of a restaurant. *Id.* at 981. After the trial court granted a motion to dismiss, the plaintiff filed an amended complaint with two new counts. *Id.* Pursuant to an agreed order, the plaintiff filed a second amended complaint the following year. *Id.* Two years of litigation transpired before the plaintiff moved to amend again to add four more claims. *Id.* The trial court denied the motion. *Id.* The defendant moved for summary judgment, which was granted. *Id.* at 982. This Court reversed the denial of the motion to amend, stating:

> This is not a case where the plaintiff filed repetitive motions for leave to amend and abused the privilege. In fact, this was the first request for leave to amend unrelated to a defense motion to dismiss. This is not a case where the court found that TGIF would be prejudiced by the amendment. This is not a case where the court reviewed the allegations and determined that their pursuit would be futile.

*Id.* In *Cousins*, the trial court based its denial on the fact that the plaintiff asserted it was ready for trial prior to moving to amend. *Id.* We held "[t]his is not a recognized basis for denying the motion for leave to amend." *Id.* This Court reversed the summary judgment as well, as "the plaintiff is entitled to its day in court, given the lack of abuse and prejudice evident on this record." *Id.*

3

In contrast, we have also stated that "[a] party should not be permitted to amend its pleadings for the sole purpose of defeating a motion for summary judgment." *Noble v. Martin Mem'l Hosp. Ass'n*, 710 So. 2d 567, 568 (Fla. 4th DCA 1997). In *Noble*, a plaintiff moved to file a fourth amended complaint after litigation had been pending for five years. *Id.* This fourth amended complaint apparently added a request for injunctive relief, but this court determined that "[i]t appears that Noble only wanted the injunctive relief if his request for monetary relief was to be denied. The trial court properly exercised the discretion given to it in denying Noble's motion for leave to amend at this juncture of the litigation." *Id.* at 569.

The instant case is more aptly compared to *Cousins* than *Noble* and the addition of a new claim for the breach of contract in this case is distinguishable from the attempt in *Noble* to obtain injunctive relief. Unlike *Noble*, Appellant had not amended multiple times before the current amendment. The breach of contract claim in this case is also a viable substantive claim that could hold a purpose other than merely defeating summary judgment, namely obtaining monetary damages for Appellant based on Appellee's breach. Because this new claim has a legitimate purpose and is a viable theory of recovery, it is not a baseless attempt to avoid summary judgment.

Furthermore, Appellee is unlikely to be unduly prejudiced by the addition of this count. While the addition of the contract claim may prevent Appellee from prevailing at summary judgment, he would still be afforded sufficient opportunity to prepare a defense for the breach of contract claim.

**Conclusion**

While the "liberality in granting leave to amend diminishes as the case progresses to trial," *Bachanov*, 436 So. 2d at 237-38, the motion in this case came shortly before a summary judgment hearing, not trial. Appellee is still entitled to summary judgment on the initial claim, as the initial lien has expired and Appellant's brief does not challenge the merits of that decision. However, our case law favoring liberal amendments and the lack of prejudice to Appellee dictates that Appellant should have been permitted to add the breach of contract claim. We therefore reverse and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

WARNER and STEVENSON, JJ., concur.

4

*         *         *

*Not final until disposition of timely filed motion for rehearing.*