NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTT L. SORENSON,                      )
                                        )
         Appellant,                     )
                                        )
v.                                      )        Case No. 2D16-273
                                        )
THE BANK OF NEW YORK MELLON             )
f/k/a THE BANK OF NEW YORK, as          )
trustee for the certificate holders     )
CWALT, Inc., alternative loan trust     )
2006-OA7 mortgage pass-through          )
certificates, series 2006-OA7; HAYAM    )
SALAH GABR; NATIONAL CITY BANK;         )
UNKNOWN TENANT NO. 1;                   )
UNKNOWN TENANT NO. 2; AND ALL           )
UNKNOWN PARTIES CLAIMING                )
INTEREST BY, THROUGH, UNDER             )
OR AGAINST A NAMED DEFENDANT            )
TO THIS ACTION, OR HAVING OR            )
CLAIMING TO HAVE ANY RIGHT,             )
TITLE OR INTEREST IN THE                )
PROPERTY HEREIN DESCRIBED,              )
                                        )
         Appellees.                     )
_____ )

Opinion filed November 16, 2018.

Appeal from the Circuit Court for Collier
County; Hugh D. Hayes, Judge.

Bruce Jacobs and Court E. Keeley of
Jacobs Legal, PLLC, Miami, for Appellant.

William L. Grimsley and Derek K.
Mountford of McGlinchey Stafford,

Jacksonville; and Charles E. Stoecker, and Ralph W Confreda, Jr., of McGlinchey Stafford, Fort Lauderdale, for Appellee The Bank of New York Mellon f/k/a The Bank of New York, CWALT, Inc., alternative loan trust 2006-OA7 mortgage pass-through certificates, series 2006-OA7.

No appearance for remaining Appellees.


KHOUZAM, Judge.

Scott L. Sorenson appeals the final judgment of foreclosure entered against him and in favor of the Bank of New York Mellon, f/k/a the Bank of New York, as trustee for the certificate holders CWALT, Inc., alternative loan trust 2006-OA7 mortgage pass-through certificates, series 2006-OA7. We reverse and remand because the court should have allowed Sorenson to amend his pleadings. In light of this holding, we do not reach the remaining issues.

On October 9, 2009, the Bank of New York Mellon filed its original foreclosure complaint against Sorenson, alleging that it was the owner and holder of a lost note that Sorenson had failed to make payments on since January 1, 2009. Attached to the complaint was a copy of the note, which showed that the Bank was not the original lender and bore no endorsements. In March 2010, the Bank filed a supplemental exhibit with a copy of the note bearing an undated, blank endorsement signed by David Spector, as managing director of the original lender.

In December 2010, Sorenson filed an answer and affirmative defenses. Among other claims, he denied that the endorsement and delivery of the note preceded the filing of the suit; argued that the Bank did not have standing to foreclose; challenged

- 2 -

the validity of the endorsement on the copy of the note filed in March 2010; and asserted that the Bank had unclean hands because it had imposed illegal or negligent charges on him.

The Bank filed an amended complaint in August 2013, dropping the lost note count. Attached to the amended complaint was a copy of the note endorsed in blank. This was the same version of the note as filed in March 2010.

In May 2015, Sorenson retained new counsel and sought to amend his answer and affirmative defenses and to add a counterclaim reflecting new theories of the case. The crux of the new arguments was that the evidence on which the Bank relied to show standing had been fraudulently created and produced. Specifically, Sorenson claimed that the Bank had added the undated endorsement during the current litigation, had provided perjured testimony to falsely backdate the endorsement, and had submitted a false assignment of the note and mortgage to support its timeline of events. At the time Sorenson first sought to amend, trial was scheduled for June 2015. The trial court denied the request to amend. The trial proceeded as scheduled but ended in a mistrial because the Bank's witness was unavailable to complete her testimony.

In August 2015, Sorenson again sought to amend his affirmative defenses and counterclaims, allegedly based on the discovery of additional evidence of misconduct. His motion was denied. And finally, the day before trial in January 2016, Sorenson made one last request to amend his pleadings. The request was denied based on the length of time that the case had been pending. "[I]n a seven-year-old

case it's time to either settle the case or get it tried," the court stated. The trial was held, and final judgment of foreclosure was entered.

On appeal, Sorenson argues that he should have been given the opportunity to amend his pleadings to include his fraud defense. Florida Rule of Civil Procedure 1.190(a) provides that "[l]eave of court [to amend pleadings] shall be given freely when justice so requires." Behind this rule is a "[p]ublic policy favor[ing] the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." Laurencio v. Deutsche Bank Nat'l Trust Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp., 56 So. 3d 56, 62 (Fla. 2d DCA 2011)). "A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." Id. (citing S. Developers & Earthmoving, Inc., 56 So. 3d at 62-63). Granting leave to amend is particularly appropriate where the amendment is based on the same conduct, transaction, or occurrence from which the original claim arose and only changes a party's legal theory of the case. See Dausman v. Hillsborough Area Reg'l Transit, 898 So. 2d 213, 215 (Fla. 2d DCA 2005).

It is true that "[t]his liberality in granting leave to amend diminishes as the case progresses to trial." Marquesa at Pembroke Pines Condo. Ass'n, Inc. v. Powell, 183 So. 3d 1278, 1280 (Fla. 4th DCA 2016) (alteration in original) (quoting Lasar Mfg. Co. v. Bachanov, 436 So. 2d 236, 237-38 (Fla. 3d DCA 1983)). But even where the motion to amend is not filed until shortly before trial, the "justice factor" can outweigh the

- 4 -

prejudice to the opposing party caused by having to prepare for the new issue—typically, such prejudice should be remedied with a continuance instead of the denial of amendment.  See Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 236-37, 236 n.2 (Fla. 3d DCA 2003).  Here, Sorenson did not wait until the eve of trial to attempt to amend his pleadings.  Though his final request was made the day before the second trial, by that point he had already made two previous attempts to amend and those requests had been denied.

We conclude that the court abused its discretion in denying Sorenson the opportunity to amend to add new arguments solely because of the length of time the action had been pending.  There is no indication that the Bank would be prejudiced by allowing amendment, especially considering the case had been pending so long in large part due to the Bank's actions.  There is also no indication that Sorenson had abused the privilege to amend or that amendment would be futile.  To resolve this case on the merits, as the law favors, amendment should be allowed.  Accordingly, we reverse and remand with directions that the trial court permit Sorenson to amend his pleadings.

Reversed and remanded with directions.

NORTHCUTT and MORRIS, JJ., Concur.