DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARSHALL BRONSTEIN, D.C.** a/a/o **CLAIRE LIBASCI,**
Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 4D21-4

[March 31, 2021]

*CORRECTED OPINION*

*ON MOTION FOR REHEARING*

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Bowman, Judge; L.T. Case Nos. COCE16-000761 and CACE19-005463.

Douglas H. Stein of Douglas H. Stein, P.A., Miami, for appellant.

Daniel E. Nordbly and Alyssa L. Cory of Shutts & Bowen LLP, Tampa, for appellee.

PER CURIAM.

Appellant, Marshall Bronstein, D.C. ("health care provider"), sued Appellee, Allstate Insurance Co. ("Allstate"), in the county court asserting a claim for health care services rendered to Allstate's insured under a personal injury protection (PIP) policy.

The sole issue in the county court proceeding was whether Allstate had properly elected the payment limitations of section 627.736(5)(a)(2)(f), Fla. Stat. (2011), in its PIP policy. That issue was conclusively determined in favor of Allstate on January 26, 2017, when the Florida Supreme Court issued its decision in *Allstate Insurance Co. v. Orthopedic Specialists*, 212 So. 3d 973 (Fla. 2017), holding that "Allstate's PIP policy provides legally sufficient notice of Allstate's election to use the permissive Medicare fee schedules identified in section 627.736(5)(a)2. to limit reimbursements." 212 So. 3d at 974.

The health care provider waited over two years later, until February 6, 2019—after the case was set for trial, Allstate's motion for summary judgment was pending, and the case was only eight days from calendar call—to move to amend his complaint to attempt to allege an alternative theory of recovery that was not precluded by *Orthopedic Specialists*. Under these circumstances, we conclude that it was not an abuse of discretion for the county court to deny the belated *ore tenus* motion to amend the complaint. *See Noble v. Martin Mem'l Hosp. Ass'n, Inc.*, 710 So. 2d 567, 569 (Fla. 4th DCA 1997) ("The trial court properly exercised the discretion given to it in denying [plaintiff's] motion for leave to amend at this juncture of the litigation."); *see also Vella v. Salaues*, 290 So. 3d 946, 949 (Fla. 3d DCA 2019) (affirming denial of motion for leave to amend complaint where "following two years of contentious litigation, on the proverbial 'eve' of the summary judgment hearing, immediately preceding the scheduled trial date, [plaintiff] sought to inject an entirely novel theory of prosecution into his lawsuit. Under these circumstances, the prejudice to the [defendants] is evident.").

Accordingly, we grant the motion for rehearing of the Seventeenth Judicial Circuit's panel opinion issued prior to the transfer of jurisdiction of this appeal to us, vacate that opinion, and substitute this opinion in its place affirming the final judgment entered by the county court in favor of Allstate.

*Affirmed.*

GROSS, CIKLIN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2