DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**GLOBAL NEURO AND SPINE INSTITUTE**
a/a/o **MELISSA JANNEN,**
Appellee.

No. 4D21-218

[June 30, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Daniel J. Kanner, Judge; L.T. Case Nos. 062015SC003421AXXXCE and 062019AP005450AXCCCE.

Sarah Hafeez and Thomas L. Hunker of Cole, Scott & Kissane, P.A., Fort Lauderdale, for appellant.

Mac S. Phillips of Phillips|Tadros, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

State Farm Mutual Automobile Insurance Company appeals the county court's order denying State Farm's motion for leave to amend its answer to add affirmative defenses. Based on the procedural history of this case, we conclude the court erred and reverse.

In 2015, Global Neuro and Spine Institute filed a complaint against State Farm for breach of contract. The complaint alleged Global Neuro treated an individual insured under a State Farm policy, but State Farm failed to timely make payments required under the policy.

Three years later, the county court issued a uniform order setting pretrial deadlines. As the order required, the parties filed a joint pretrial stipulation. The joint pretrial stipulation listed the disputed issues of law and fact, including the following: "Whether CPT Codes 77003 and A4550 were unbundled? (Plaintiff objects to this issue inclusion as an unpled defense, however Defendant will be filing a copy of its Motion for Leave to Amend Answer and Affirmative Defenses to plead unbundling as

a defense.).” The same day, State Farm moved to amend its answer and affirmative defenses. The court denied the motion because the case was originally filed in 2015 and the pretrial deadlines had passed. On appeal, State Farm argues the court erred when it denied its motion for leave to amend.

“[L]eave to amend pleadings ‘shall be given freely when justice so requires.’” *Newman v. State Farm Mut. Auto. Ins. Co.*, 858 So. 2d 1205, 1206 (Fla. 4th DCA 2003) (quoting Fla. R. Civ. P. 1.190(a)). Leave should be granted unless: (1) the amendment results in prejudice to the opposing party; (2) the privilege to amend is abused; or (3) the amendment is futile. *Morgan v. Bank of N.Y. Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016).

The reasons the county court gave for denying State Farm’s motion for leave to amend—the pretrial order and how long the case was pending— may be relevant to a court’s determination of prejudice or abuse of the amendment process. But, without more, those reasons are not enough to find prejudice or abuse of the process.

*Cousins Restaurant Assocs. ex rel. Cousins Mgmt. Corp. v. TGI Friday’s, Inc.*, 843 So. 2d 980, 980 (Fla. 4th DCA 2003) is instructive. There, the plaintiff moved to amend its complaint and add four claims years after litigation began. *Id.* at 981. The motion to amend was filed after the court set a trial date but six months before trial. *Id.* The court denied the motion because the plaintiff represented to the court that it was ready for trial when it was not, and summary judgment was entered in the defendant’s favor. *Id.* at 981-82. We reversed and remanded:

> This is not a case where the plaintiff filed repetitive motions for leave to amend and abused the privilege. In fact, this was the first request for leave to amend unrelated to a defense motion to dismiss. This is not a case where the court found that TGIF would be prejudiced by the amendment. This is not a case where the court reviewed the allegations and determined that their pursuit would be futile.

*Id.* at 982. We concluded that the timing of the motion was not a recognized basis for denial. *Id.*

Here too, the court based its denial of State Farm’s motion on the filed pretrial stipulation and the original filing date of the complaint. We agree litigants must timely pursue their claims and defenses, and courts should not allow a litigant the ability to needlessly delay a proceeding

2

with untimely motions. But the Florida Rules of Civil Procedure encourage a policy of liberality in allowing amendments to pleadings. *Morgan*, 200 So. 3d at 795. Something more than what the court relied on is required to deny leave to amend.

None of the three reasons accepted to deny leave to amend exist in this case. State Farm did not seek leave to amend its pleading, so it had not previously abused the process. Also, Global Neuro does not argue that State Farm's amendment would have been futile.

Furthermore, State Farm sought to amend its pleading to address defenses at issue in the lawsuit. Unbundling of the charges was something State Farm raised before the lawsuit. It raised the defense in response to a discovery request. State Farm also included exhibits relating to unbundling in the pretrial stipulation. So allowing State Farm to amend its answer to add a defense such as unbundling would not prejudice Global Neuro.

The county court erred when it denied State Farm's motion for leave to amend its answer and add counterclaims. As a result, we reverse the court's judgment and remand for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and ARTAU, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

3