BARKDULL, Judge.
Plaintiffs, Mark Feinberg and Rita M. Blanco, appeal the denial of their motion to elect to proceed in equity, seeking the remedy of recision.
Plaintiffs brought suit against Heftier Realty Co., the original builder of a home, and Jean H. Naile, the subsequent purchaser/seller of the property. Appellants alleged that implied warranties of habitability had been breached rendering the house unfit for its intended purpose as a residence. Appellants also sought damages. The case was later noticed for trial by Heftier. When the case was called to trial before a jury, counsel for the plaintiffs requested the jury portion of the case to be *1308 stayed against Heftier Realty Co. and asked to go to trial on the question of recision of the transaction against the ap-pellee, Naile. Plaintiffs sought to stay the jury trial against Heftier for the purpose of election of remedies. Specifically plaintiffs argued that they had a legal right to make the election since it appeared on the face of the pleadings that the action against Heftier (damages) and against Naile (recision), called for inconsistent remedies. The court denied plaintiffs’ request to elect their remedy and denied a request to voluntarily dismiss Heftier. The cause went to trial before a jury. The jury subsequently returned a verdict against the plaintiffs on their claim against Naile and a verdict for $7,000.00 against Heftier. This appeal follows.
Appellants contend they had a right to seek only the remedy of recision. In an attempt to achieve this end, appellants ultimately sought to voluntarily dismiss Heftier, however, this was denied.
At the start of the trial, the trial court declined to permit the election of remedies to be exercised because of a failure of the plaintiff to join an indispensable innocent third party to the proceedings, an intervening mortgagee. After the court made this announcement the plaintiffs proceeded with the jury trial on the damage issue, preserving the ruling on the election for appeal.
The plaintiffs ultimately made the election to proceed in equity before the commencement of the trial. The fact that they might not prevail in the final result by pursuing this equity claim is no reason to deny them the choice provided by the applicable rules. See 1.110(g), Florida Rules of Civil Procedure; see and compare Pan American Bank of Miami v. Osgood, 383 So.2d 1095 (Fla. 3d DCA 1980); Raney v. Jimmie Diesel Corp., 362 So.2d 997 (Fla. 2d DCA 1978). A plaintiff is not guaranteed success in the choice of remedies, only an opportunity to proceed under a theory which has been pled. Compare Hamide v. Department of Corrections, 548 So.2d 877 (Fla. 1st DCA 1989); Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983); Johnson v. Southern Bell Telephone and Telegraph Company, 169 So.2d 36 (Fla. 3d DCA 1964). Therefore we return the matter to the trial court with directions to set aside the final judgment on the jury verdict against Heftier, to dismiss Heftier, thereby granting the voluntary motion to dismiss and thereafter proceed with the equitable claim for recision.
Reversed and remanded with directions.