604 So.2d 1235 (1992)
WAYNE CREASY AGENCY, INC., etc., Appellant,
v.
Eugene MAILLARD, et al., Appellees.
No. 90-2886.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Rehearing Denied September 15, 1992.
Martin & Associates, and C. Rabon Martin, Tulsa, Okl., and S. Curtis Kiser, Dunedin, for appellant.
Jamerson & Sutton, and John Sutton, Coral Gables, for appellees.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
This appeal is from an order entered on final judgement wherein the trial court granted rescission of a contract to purchase a condominium unit. We reverse on the sole ground that the trial court denied the seller leave to amend its answer to include the equitable defense of laches.
On January 4, 1985, Wayne Creasy Agency, Inc. (seller) entered into a contract with Eugene Maillard, Jr. and his wife Patricia Lynch (buyers), to sell a one bedroom condominium unit, located on Marathon Key, Florida. The transaction closed on March 8, 1985, and by December of that year severe structural problems were discovered in the building where the unit was located.
In March 1987, the buyers filed suit against the seller, the Condominium Association, Schmitt Real Estate Company (Schmitt), Bradley Realty Company (Bradley), and the attorney who represented the buyers in their purchase of the unit. The buyers sought damages for negligence and negligent misrepresentation, as well as for breach of implied warranty of habitability and fitness. They also sought the equitable relief of rescission.
On September 13, 1990, the buyers moved to elect the remedy of rescission. See Feinberg v. Naile, 561 So.2d 1307 (Fla. 3d DCA 1990). The trial court dismissed both the attorney who had represented the buyers in the transaction and the Association based on the buyers' failure to state a cause of action against these parties; defendant Schmitt obtained a final summary judgment in its favor. The two remaining defendants, the seller and Bradley, both conceded that the buyers had a right to elect the remedy of rescission, and the court granted the buyers' motion. The result *1236 of this election of remedy was to effectively reduce the complaint against the seller to one count for rescission. The action against Bradley for negligence and negligent misrepresentation was stayed pending the outcome of the rescission suit.
On September 19, 1990, the seller moved for leave to amend its answer to include the defense of laches. On October 9, 1990, the day the non-jury trial began, the trial court denied the motion and, after one day of testimony, found that the seller's president had "negligently or fraudulently" concealed the existence of material defects in the property from the buyers. The trial court ordered the contract rescinded, and awarded additional monetary relief to the buyers as a means of restoring the parties to their pre-closing postures. On appeal, the seller claims that it was error for the court to deny it leave to amend its answer to include the equitable defense of laches. We agree and reverse the order under review.
Leave to amend a pleading may be freely given when justice so requires. Fla.R.Civ.P. 1.190(e). A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action. See Assad v. Mendell, 550 So.2d 52, 54 (Fla. 3d DCA 1989) (quoting Bondu v. Gurvich, 473 So.2d 1307, 1310 n. 2 (Fla. 3d DCA 1984)), review denied, 484 So.2d 7 (Fla. 1986) (citing Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979)). The same holds true where a defendant demonstrates he could prevail with the assertion of a properly available defense. See, e.g., Florida Power & Light Co. v. Crabtree Constr. Co., 283 So.2d 570, 572-73 (Fla. 4th DCA 1973) (trial court's refusal to grant garnishee's motion for leave to amend answer to writ of garnishment was abuse of discretion where there was no indication that plaintiff would have been prejudiced by the amendment). Since the buyers would not have been prejudiced if the trial court had granted the seller leave to amend its answer to include the laches defense, while the seller may have been unduly prejudiced by denying the motion to amend, we find the trial court abused its discretion in summarily denying the motion. See generally Appalachian, Inc. v. Olson, 468 So.2d 266, 269 (Fla. 2d DCA) (laches is based upon an unreasonable delay in asserting a known right which causes undue prejudice to the party against whom the claim is asserted), review denied, 482 So.2d 347 (Fla. 1985); see also Van Meter v. Kelsey, 91 So.2d 327, 331 (Fla. 1956); Bethea v. Langford, 45 So.2d 496, 498 (Fla. 1950).
Accordingly, the final judgment is vacated and the cause reversed and remanded for further proceedings consistent with the views expressed herein.