VILLANTI, Judge.
In this mortgage foreclosure action, Pedro F. Laurencio and Esteves Pedro[1] appeal the trial court’s order granting summary judgment in favor of Deutsche Bank National Trust Company. Laurencio argues, among several things,[2] that Deutsche Bank failed to meet a condition precedent to filing the complaint and filed suit prematurely, without giving them adequate notice and an opportunity to cure the alleged default. Laurencio also argues that the trial court erred in denying the motion to amend the answer and affirmative defenses. We agree on both issues and reverse.
On December 9, 2008, Deutsche Bank’s attorneys sent Laurencio a letter stating that, pursuant to the terms of the Note and Mortgage, Deutsche Bank had “accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.” The letter stated that the amount owed was $200,715.27. The letter also informed Laurencio: “This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate.” Two days later, the bank filed a mortgage foreclosure complaint and attached this letter to the complaint.
Paragraph 22 of Laurencio’s mortgage set forth presuit requirements, including a requirement that Deutsche Bank give Lau-rencio thirty days’ notice and an opportunity to cure the default prior to filing suit:
Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18[3] unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Agreement by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, *1192 all attorneys’ fees and costs of title evidence.
(Underline emphasis added.) Clearly, Deutsche Bank’s letter did not comply with paragraph 22.
Laurencio filed a pro se answer on December 31, 2008, which did not assert any affirmative defenses. When Deutsche Bank filed a motion for summary judgment on March 11, 2009, Laurencio’s newly retained counsel filed a response in opposition to summary judgment asserting, inter aha, that Deutsche Bank had not complied with conditions precedent before filing suit because it had not complied with paragraph 22.
Laurencio changed attorneys in November 2009. On April 14, 2010, two days before the summary judgment hearing scheduled by Deutsche Bank, Laurencio’s new counsel sought leave of court to file an amended answer and affirmative defenses. Attached to the motion was a proposed amended answer and affirmative defenses which included an allegation that Deutsche Bank had improperly and prematurely accelerated the mortgage without complying with paragraph 22.[4] Laurencio also filed an affidavit specifically asserting that Deutsche Bank had not provided notice of acceleration prior to initiating the foreclosure lawsuit.
At the summary judgment hearing Lau-rencio’s counsel raised the issue of Deutsche Bank’s improper acceleration of the mortgage. Nevertheless, the trial court denied Laurencio’s motion for leave to file an amended answer and affirmative defenses and granted summary judgment of foreclosure in favor of Deutsche Bank. This was error.
We review a summary judgment de novo. Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting Fla. R. Civ. P. 1.510(c)). The moving party bears the burden of showing conclusively the absence of any genuine issue of material fact. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). Because the trial court must draw every possible inference in favor of the nonmoving party, Estate of Githens, 928 So.2d at 1274, “summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law,” Moore, 475 So.2d at 668.
In this case, Deutsche Bank failed to meet its summary judgment burden because the record before the trial court reflected a genuine issue of material fact as to whether Deutsche Bank had complied with conditions precedent to filing the foreclosure action. In a case with nearly identical facts, this court recently reversed a summary judgment of foreclosure. See Konsulian v. Busey Bank, N.A., 61 So.3d 1283 (Fla. 2d DCA 2011). In Konsulian, we concluded that the bank was not entitled to summary judgment because it had not established that it had met the conditions precedent to filing suit. Id. at 1285. The record in that case did not establish that the bank had given the defendant the notice which the mortgage required. Id. We reach the same conclusion in this case.
The trial court also erred in denying Laurencio’s motion for leave to file *1193 an amended answer and affirmative defenses. Leave of court to amend a pleading shall be given freely when justice so requires. Fla. R. Civ. P. 1.190(a). Public policy favors the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit. S. Developers & Earth-moving, Inc. v. Caterpillar Fin. Servs. Corp., 56 So.Sd 56, 62 (Fla. 2d DCA 2011). A trial court’s refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile. Id. at 62-63. “Courts should be especially liberal when leave to amend ‘is sought at or before a hearing on a motion for summary judgment.’ ” Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So.2d 1132, 1135 (Fla. 5th DCA 1998) (quoting Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991)).
Here, the record does not show that Deutsche Bank established any of the three exceptions to amendment of pleadings. There is no basis for concluding that Laurencio abused the privilege to amend or that Deutsche Bank would be prejudiced by the amendment which alleges, inter alia, the bank’s failure to comply with its own documents. And the amendment clearly would not be futile considering the unrefuted allegations that Deutsche Bank failed to comply with conditions precedent to suit. See Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235, 1236 (Fla. 3d DCA 1992) (“A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action. The same holds true where a defendant demonstrates he could prevail with the assertion of a properly available defense.” (citation omitted)). Therefore, the trial court should have granted Laurencio leave to file an amended answer and affirmative defenses.
Reversed and remanded.
DAVIS and MORRIS, JJ., Concur.

. The appellants are a married couple. For purposes of this opinion, we will refer to them as Laurencio.

. Because we decide this appeal based on the two issues discussed in the opinion, we do not reach the merits of Laurencio’s other arguments.

.Paragraph 18 addressed transfer or sale of the property without the lender's prior written consent and is not applicable to this case.

. Because we decide this appeal based on the two issues discussed herein, we do not reach the merits of any of Laurencio's other affirmative defenses.