CONNER, J.
Christopher Hutson (“Hutson”) appeals the denial of (1) his motion to amend his answer to include affirmative defenses and (2) the entry of summary judgment against him. Having determined the trial court abused its discretion in not granting the motion to amend and improperly granting the motion for summary judgment, we reverse.
Hutson, as President of South Florida MRI, LLC, executed a commercial sublease agreement to lease magnetic resonance image (MRI) equipment from Ap-pellee, Plantation Open MRI, LLC (“Plantation MRI”), for thirty-two months. Hutson personally guaranteed payment of the rent due under the sublease.
Less than one month after he signed the agreement, Hutson failed to pay the lease installment due November 1, 2008. On November 10, 2008, South Florida MRI tendered a check signed by Hutson to Plantation MRI in the sum of $8,549.66. The check was returned for insufficient funds. On November 18, 2008, South Florida MRI tendered a second check to Plantation MRI, also signed by Hutson, in the amount of $3,549.66. The second check was also returned for insufficient funds. Hutson never paid the amounts reflected in the dishonored checks. Plantation MRI sent the statutory notices concerning the dishonored checks to entitle it to claim treble damages.
In June, 2009, Plantation MRI filed a three-count complaint against Hutson seeking damages for breach of the sublease agreement and guaranty (count I), and damages for the two dishonored checks (counts II and III). In July, 2009, Hutson filed a pro se answer to the complaint in which he denied “each and every allegation” of the complaint. Following the receipt of Hutson’s answer, Plantation MRI served requests for admissions. Hutson never responded to the requests for admissions.
In December, 2009, Plantation MRI served its motion for summary judgment with appropriate affidavits of proof. A *1044 hearing was scheduled for January 11, 2010.
On January 7, 2010, Hutson, through counsel, filed and served a motion to amend his answer to include two affirmative defenses. In the first proposed affirmative defense, Hutson alleged that the managing member of Plantation MRI fraudulently misrepresented that he was selling the assets of the MRI business he owned and that by executing the sublease agreement Hutson would be able to fully operate a MRI facility and use all equipment located on the premises. Hutson further alleged that shortly after he entered into the agreement based on those representations, he discovered that Plantation MRI did not own most of the equipment on the premises. Instead, most of the equipment was owned by a completely different company that refused permission for him to use the equipment. In his second proposed affirmative defense, Hut-son alleged there was no intent to defraud when the two dishonored checks were tendered and that the checks were dishonored as a direct result of the economic hardship caused by Plantation MRI’s fraudulent actions.
Hutson gave notice for a hearing on his motion to amend answer to be heard at the same time as Plantation MRI’s motion for summary judgment. He also filed and served a motion for leave to respond to request for admissions, but he did not schedule that motion for hearing.
Also on January 7, Hutson filed his affidavit in opposition to Plantation MRI’s motion for summary judgment and delivered a copy to opposing counsel. In the affidavit Hutson averred, among other things, that the principal of Plantation MRI made fraudulent representations to him in order to induce him to enter the sublease and that many of the items purportedly leased in the sublease contract were actually owned by a third party who ultimately issued Hutson a cease and desist letter with respect to Hutson’s use of those items. In addition, Hutson averred that, with respect to the dishonored checks, there was never any intent by Hutson to defraud Plantation MRI and that the dishonored checks were the direct result of economic hardship incurred by Hutson as a result of Plantation MRI’s fraudulent actions.
At the hearing on January 11, the trial court entered an order that denied Hut-son’s motion to amend and granted Plantation MRI’s motion for summary judgment. Hutson then filed a motion for rehearing of his motion to amend and Plantation MRI’s motion for summary judgment. Without ruling on the motion for rehearing, the trial court entered a final judgment in favor of Plantation MRI for compensatory damages under Count I and statutory treble damages under Counts II and III. Hutson filed an amended motion for rehearing of the motion to amend and motion for summary judgment, which was denied.
The denial of a motion to amend is reviewed for abuse of discretion. See Noble v. Martin Mem’l Hosp. Ass’n, 710 So.2d 567, 568 (Fla. 4th DCA 1997). Florida Rule of Civil Procedure 1.190(a) provides that leave to amend shall be given freely when justice so requires. In addition, courts “should be especially liberal when leave to amend is sought at or before a hearing on a motion for summary judgment.” Quality Roof Servs., Inc. v. Intervest Nat’l Bank, 21 So.3d 883, 885 (Fla. 4th DCA 2009) (quoting Thompson v. Bank of New York, 862 So.2d 768, 770 (Fla. 4th DCA 2003)) (emphasis added).
“[R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been *1045 abused; or amendment would be futile.” Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993); accord Carter v. Ferrell, 666 So.2d 556 (Fla. 2d DCA 1995). “The primary consideration in determining whether a motion for leave to amend should be granted is a test of prejudice. . . .” Video Indep. Med. Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001). The action below was not set for trial and Plantation MRI would have suffered no prejudice if the trial court granted Hutson’s motion to amend. Hutson had not previously requested to amend his answer, and despite the argument of Plantation MRI to the contrary, the amendment would not have been futile.
Plantation MRI contends in its brief that Hutson denied signing the sublease agreement, guaranty, and dishonored checks when he denied “each and every allegation in the complaint.” Plantation MRI further argues that since Hutson did not move to amend his original pro se answer, denial of the motion to amend was proper because the proposed affirmative defenses would have created an inconsistency in the pleadings, thus making the amendment futile. Plantation MRI attempts to bolster the argument of potential inconsistency in the pleadings by pointing out that the unanswered request for admissions establishes that Hutson signed the contract, guaranty, and dishonored checks. We find the argument lacks merit. The complaint alleged that Hutson “entered into an agreement,” and that South Florida MRI “executed a written order for payment of $3,549.66 commonly called a check....” Nowhere in the complaint does it explicitly allege that Hutson signed anything. Similarly, the request for admissions served on Hutson makes no explicit factual statement about Hutson signing anything. Further, it is appropriate for one to deny “entering into an agreement” to purchase equipment if one discovers after signing a written agreement that the purported seller does not own the equipment. The original answer filed by Hutson pro se is not inconsistent with the allegations of the affirmative defenses proposed by Hutson’s counsel and the amended answer adding affirmative defenses would not have been futile.
Hutson served his motion to amend four days prior to the hearing on Plantation MRI’s motion for summary judgment and noticed his motion for hearing on the same day as motion for summary judgment. The trial court improperly denied the motion.
Hutson timely served an affidavit in opposition to the motion for summary judgment that raised material issues of fact with respect to all three counts set forth in the complaint. With respect to count I (the count alleging breach of contract and the guaranty), Hutson averred with specificity that the agreement sued upon was procured by fraud. The affidavit raised material issues of fact as to whether Plantation MRI had the authority to enter into the sublease agreement. With respect to counts II and III (the counts alleging dishonored checks), Hutson averred that the checks did not clear due to insufficient funds as a direct result of the economic hardship caused by Plantation MRI’s actions. Section 68.065(6), Florida Statutes, provides that “[i]f the court or jury determines that the failure of the maker or drawer to satisfy the dishonored check was due to economic hardship, the court or jury has the discretion to waive all or part of the statutory damages.” As Hutson averred in the affidavit that the checks were dishonored as a result of economic hardship, this raised a question of material fact that should have been decided by the fact finder at a trial and not a hearing on a motion for summary judgment. F & A Dairy Prods., Inc. *1046 v. Imperial Food Distribs., Inc., 798 So.2d 803, 804 (Fla. 4th DCA 2001).
We reverse the decisions of the trial court and remand for the trial court to vacate the summary judgment in favor of Plantation MRI and grant Hutson’s motion to amend his answer to add affirmative defenses.
WARNER and LEVINE JJ., concur.