PER CURIAM.
 

 Appellant, Harbor Landing Condominium Owners Association, Inc., challenges an Order on Motions to Dismiss and argues that the trial court erred in dismissing Count XI of its complaint, which was a breach of statutory implied warranty claim under section 718.203(2), Florida Statutes, against Appellee Rohm and Haas Chemicals LLC. Finding no error in the trial court’s determination that dismissal was appropriate because Rohm and Haas was not a “supplier” under section 718.203(2), we affirm.
 

 During the hearing on Appellee’s motion to dismiss, Appellee’s counsel argued that while Appellee manufactured the coating used on the condominium’s exterior railings, it was Appellee Weatherguard Building Products, Inc. that actually supplied the railings for the condominium project. Counsel further argued that Rohm and Haas had no knowledge of the condominium project and that the word “supplier” in section 718.203(2) did not mean “manufacturer.” The trial court granted the motion to dismiss, explaining, “Because they’re the manufacturer. They didn’t supply it.” This appeal followed.
 

 The sufficiency of a complaint in a civil action is a question of law reviewable de novo.
 
 Rittman v. Allstate Ins. Co.,
 
 727 So.2d 391, 393 (Fla. 1st DCA 1999). Section 718.203(2), Florida Statutes (2010), which pertains to condominium warranties, provides in part that “[t]he contractor, and all subcontractors and suppliers, grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them.... ”
 

 Appellant erroneously argues on appeal that manufacturers should be considered suppliers for purposes of the statute. Had the Legislature wished to include manufacturers, regardless of whether they have any direct connection to a condominium project, it could have done so.
 
 See, e.g.
 
 § 320.836, Fla. Stat. (noting that a claim in writing, stating the substance of a warranty defect “may be presented to the manufacturer, dealer, or supplier”);
 
 see also In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.,
 
 21 F.Supp.2d 593, 600-01 (E.D.La. 1998) (noting that the Legislature, through section 718.203, required developers to provide minimal warranties because a manufacturer’s warranties may not be automatically assigned or otherwise extended to the ultimate purchasers and that the plaintiff, the entity who built several condominium buildings in a Florida condominium, could have demanded an assignment of all applicable manufacturer’s warranties from its suppliers and contractors). Further support for our conclusion that the Legislature did not equate suppliers with manufacturers for purposes of section 718.203(2) is that the Legislature used the term “manufacturers” in subsection (1) of section 718.203, which addresses a developer’s implied warranty of fitness to unit owners. This is not to say that a manufacturer can never be considered a supplier for purposes of the warranties provided for in section 718.203(2). In this case, however, dismissal was appropriate because Rohm and Haas, a manufacturer, did not supply anything for the condominium project.
 

 Accordingly, we AFFIRM.
 

 DAVIS, CLARK, and ROWE, JJ., concur.