CASANUEVA, Judge.
 

 Beginning in 1996, Joseph and Janet Agate transferred various installments of money to Ronald Clampitt based on his assertion that as a mortgage broker he would use this money to fund mortgages. In return, they would reap the benefit by receiving the interest to be generated from the mortgagors’ monthly payments.
 
 [1]
 
 Unfortunately, they did not memorialize this arrangement in writing. When the returns did not amount to what Mr. Clampitt had led them to expect, Mr. and Mrs. Agate sued him in 2004. Their complaint contained seven counts, sounding in various theories. On the eve of trial, Mr. and Mrs. Agate moved to amend their complaint to add a count for quantum meruit. The trial court denied amendment to the complaint, granted Mr. Clampitt’s motion to dismiss the entire complaint on the basis of a Statute of Frauds defense, and entered a final judgment of dismissal with prejudice. The Agates now appeal the final judgment, raising two issues: that the trial court erred in applying the Statute of Frauds defense to all seven counts and in denying them leave to amend their complaint to add a count for quantum meruit. We reverse, concluding that the Statute of
 
 *452
 
 Frauds is inapplicable to at least one of the seven counts of the complaint. Because we reverse on this basis, we do not reach the merits of the Agates’ second issue, but it should be reconsidered on remand.
 

 The Agates claim that the trial court erred in applying the Statute of Frauds to count three that asserted a violation of section 494.0025, Florida Statutes (1996). We agree. Section 494.0025 bars a person from acting as a mortgage broker or lender without holding a state license to do so. We fail to see how the Statute of Frauds would bar this claim against Mr. Clampitt because any licensing requirement imposed by the State of Florida would not require a writing between the Agates and him.
 
 [2]
 

 We further note that Mr. Clampitt relies upon section 687.0304(2), Florida Statutes (1995), to support his Statute of Frauds defense against what he describes as the parties’ credit agreement. It is true that this section requires that to be enforceable, a credit agreement must be in writing. Specifically the statute provides that “[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.” The plain language of this statute requires a writing if the
 
 debtor
 
 wishes to maintain an action on a credit agreement. The Agates are not the debtors trying to enforce a credit agreement, they are the creditors claiming that Mr. Clampitt is indebted to them. In their creditor capacity, this statute is not applicable to them.
 
 [3]
 

 Cf. Siegel v. Rowe,
 
 71 So.3d 205, 213 (Fla. 2d DCA 2011) (noting that the trial court erred in ruling that the Statute of Frauds barred the plaintiffs claim for money lent even in the absence of a signed loan agreement because claim was for a direct promise to pay, not a promise to pay another’s debt, and thus “was not within the purview of the Statute of Frauds”).
 

 Although not characterized as such, the trial court’s final judgment is akin to a judgment on the pleadings and the trial court used section 687.0304(2) as the basis for its blanket dismissal. On remand, the trial court should reconsider its decision barring the remaining counts on the basis of this section.
 

 Because we are reversing on the bases described above, and the cause is being remanded for further proceedings, there is no imminent trial date set. Thus the Agates should be permitted to amend their pleadings to add a claim of quantum meruit.
 

 The test of whether an amendment offered by a party sets forth a “new cause of action” is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim.
 

 Turner v. Trade-Mor, Inc.,
 
 252 So.2d 383, 384 (Fla. 4th DCA 1971). The Agates wish to claim quantum meruit based on the same conduct and transactions they had with Mr. Clampitt. Therefore, Mr. Clam-pitt would not be unduly prejudiced by allowing such amendment at this time and
 
 *453
 
 the Agates have not abused the privilege.
 
 [4]
 

 See Kimball v. Publix Super Markets, Inc.,
 
 901 So.2d 293, 296 (Fla. 2d DCA 2005) (“Refusal to allow an amendment is an abuse of the trial court’s discretion ‘unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.’
 
 State Farm Fire & Cas. Co. v. Fleet Fin. Corp.,
 
 724 So.2d 1218, 1219 (Fla. 5th DCA 1998).”).
 

 Final judgment of dismissal reversed and remanded for further proceedings.
 

 WALLACE and LaROSE, JJ., Concur.
 

 [1]
 

 . The smallest transfer was $4000, the largest was $45,000, and the aggregate amount reached $321,000.
 

 [2]
 

 . This does not mean to say that there may be other theories which could bar this claim. We do not reach that issue.
 

 [3]
 

 . As noted above, our holding is narrow and this count may be subject to dismissal or summary judgment on other grounds that we do not address here.
 

 [4]
 

 . We caution again that by allowing this amendment in this instance, we make no comment on its merits.