PER CURIAM.
Florida’s Condominium Act provides for a warranty of fitness and merchantability as to work provided by contractors and materials provided by suppliers for condominium developments, but not as to the manufacture of construction materials. Appellant, the Port Marina Condominium Association (“Port Marina”), sought relief against Appellee, GAF Materials Corporation (“GAF”), under the Act, but the trial court dismissed the complaint for failure to sufficiently allege that GAF was a supplier. Although the trial court did not err in dismissing Port Marina’s complaint, we reverse, holding that Port Marina should have been granted leave to amend.

Factual Background

Everglades, LLC (“Everglades”), the developer of the Port Marina Condominiums and an adjoining boat storage building, entered into agreements with Roofing Services, Inc. d/b/a Best Roofing (“Best Roofing”) to install a roof on the boat storage building and with GAF to guarantee a roof product called TOPCOAT. After the construction was completed, Ever *1290 glades turned the condominium project over to Port Marina.
Port Marina noticed leaks in the roof of the boat storage building and contacted Best Roofing for repairs. After unsuccessful attempts at repairing the roof, Best Roofing advised Port Marina that failure of the TOPCOAT product caused the roof leaks. Port Marina then contacted GAF, which sent a representative to inspect the roof. The representative informed Port Marina that the application of TOPCOAT, and not the product itself, was the cause of the roof defects and that GAF would not accept responsibility for the roof failure.
Port Marina filed a complaint, seeking relief from Everglades, Best Roofing, and GAF under Florida’s Condominium Act, which contains an implied warranty of fitness and merchantability statute. § 718.203, Fla. Stat. (2012). GAF filed a motion to abate or in the alternative to dismiss, arguing that section 718.203(2) does not apply to product manufacturers like GAF. The trial court entered an order dismissing Count III of the complaint, the only count against GAF, relying on Harbor Landing Condominium Owners Ass’n. v. Harbor Landing, LLC, 78 So.3d 120 (Fla. 1st DCA 2012), and Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911 (Fla.1995), in determining that GAF was a manufacturer and not a “supplier” within the meaning of section 718.203(2).

Analysis

Port Marina argues that the trial court erred in granting GAF’s motion to dismiss Count III because it sufficiently alleged that GAF was a “supplier” within the meaning of section 718.203(2). Port Marina also contends that the trial court erred in failing to grant leave to amend the complaint.

Alleged Error in Granting GAF’s Motion to Dismiss

We review the sufficiency of a complaint in a civil action de novo. Harbor Landing, 78 So.3d at 121. In testing the legal sufficiency of a complaint, we accept all well-pleaded facts and reasonable inferences from those facts as true, Graves v. City of Pompano Beach, 74 So.3d 595, 597 (Fla. 4th DCA 2011), and confine ourselves to the allegations within the four corners of the complaint, Stubbs v. Plantation General Hospital Ltd. Partnership, 988 So.2d 683, 684 (Fla. 4th DCA 2008). The motion to dismiss should be affirmed if the plaintiff did not allege all the essential elements of a cause of action. Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp., 500 So.2d 688, 689 (Fla. 3d DCA 1987).
The Florida implied warranty of fitness and merchantability statute for condominiums states, in relevant part:
(2) The contractor, and all subcontractors and suppliers, grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them....
§ 718.203(2), Fla. Stat. (2012) (emphasis added).
The essential elements of a cause of action under this statutory provision against a supplier are: (1) the defendant is a supplier of materials to a condominium; (2) the materials failed to conform to the generally accepted standards of merchantability applicable to goods of that kind, or the materials failed to conform to the requirements specified in the contract; and (3) the failure of the goods to conform was a proximate cause of the plaintiffs damages. See Leisure Resorts, 654 So.2d at 914. “Supplier” and “manufacturer” are not defined in Chapter 718, Florida Statutes. Black’s Law Dictionary defines *1291 “supplier” as “a person engaged, directly or indirectly, in the business of making a product available to consumers,” and “manufacturer” as “a person or entity engaged in producing or assembling new products.” Black’s Law Dictionary (9th ed.2009).
In Harbor Landing, the court affirmed the dismissal of the appellant’s claim under section 718.203(2) because the appellant failed to sufficiently plead the first essential element-that the appellee was a supplier of materials to the condominium. See Harbor Landing, 78 So.3d at 121. The court determined that the appellee was not a supplier but merely a manufacturer that “had no knowledge of the condominium project” and “did not supply anything for the condominium project.” Id. The court did not, however, create a categorical rule for manufacturers and stated, “[t]his is not to say that a manufacturer can never be considered a supplier for purposes of the warranties provided in section 718.203(2).” Id.
Here, Port Marina’s complaint alleged the following: GAF issued a written warranty for TOPCOAT to Everglades, GAF sent a representative to inspect the roof after Port Marina complained of roof leaks, the product break-down failure of TOPCOAT is evidenced by a white material across all roof surfaces, and the product failure will continue to impair the roofs function and cause property damage. Count III, the sole count against GAF, states, in relevant part:
37. Roof Product Manufacturer [GAF] owes a duty to [Port] Marina to exercise reasonable care, technical skill and ability in performing its obligations in supplying the roof system materials for the Marina’s roofing system.
(Emphasis added).
Even if we confine ourselves to the allegations within the four corners of the complaint and take all allegations to be true, the complaint did not sufficiently allege the first element-that GAF was a supplier of materials. It did not contain any allegations that GAF furnished, sold, or delivered anything to Everglades or Port Marina, i.e., that it “was in the business of making the product available to consumers,” as opposed to merely “producing or assembling” the product that Best Roofing, a roofing contractor, not a consumer, then purchased and used for the roofing project. The allegation that GAF entered into a guarantee contract with Everglades is not enough to establish that GAF supplied materials to Port Marina. Likewise, merely pleading that GAF owes a duty to exercise reasonable care in “supplying” TOPCOAT is insufficient to establish that GAF was in fact a supplier within the meaning of section 718.203(2).
Because Port Marina’s Complaint against GAF did not sufficiently allege an essential element of a cause of action under section 718.203(2), we affirm the trial court’s order granting GAF’s motion to dismiss Count III of the Complaint.

Alleged Error in Dismissing Without Granting Leave to Amend

The standard of review for orders denying leave to amend a complaint is abuse of discretion. See Soucy v. Casper, 658 So.2d 1017, 1018 (Fla. 4th DCA 1995). Leave to amend a complaint should be liberally granted “when justice so requires”, Fla. R. Civ. P. 1.190(a), and should be denied when the privilege to amend has been abused or if the amendment would be futile to state a cause of action. Soucy, 658 So.2d at 1018. “A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action.” Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235, 1236 (Fla. 3d DCA 1992).
*1292 Here, Port Marina requested leave to amend in a motion for rehearing. Port Marina should be given leave to amend to more clearly allege that GAF was a supplier within the meaning of section 718.208(2). Port Marina has not abused its privilege to amend, as this was the first time that it requested leave to amend. The complaint is amendable to state a cause of action if Port Marina can allege facts showing that GAF is a supplier within the meaning of section 718.208(2).
The trial court erred in not granting Port Marina leave to amend the complaint. We reverse and remand for further proceedings.

Reversed and remanded.

WARNER, CONNER, JJ., and LEVENSON, JEFFREY R„ Associate Judge, concur.