NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTY A. COBBUM and PATRICK )
DOWNEY, )
　 )
       Appellants, )
　 )
v. )     Case No. 2D13-5615
　 )
CITIMORTGAGE, INC., successor by )
merger to ABN AMRO Mortgage Group, )
Inc.; GATEWAY GREENS COMMUNITY )
ASSOCIATION, INC.; THE VILLAS AT )
GATEWAY GREENS HOMEOWNERS )
ASSOCIATION INC.; FRED FEIK; and )
CHRISTINE FEIK, )
　 )
       Appellees. )
_____ )

Opinion filed February 27, 2015.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior
Judge.

Michael E. Chionopoulos of Absolute Law
PA, Fort Myers, for Appellants.

Ali I. Gilson, William S. Isenberg, and
Allyson L. Sartoian of Phelan Hallinan,
PLC, Fort Lauderdale, for Appellee
CitiMortgage, Inc., successor by merger to
ABN AMRO Mortgage Group, Inc.

No appearance for remaining Appellees.

BLACK, Judge.

Christy Cobbum and Patrick Downey challenge the final summary judgment of foreclosure entered in favor of CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group, Inc. Ms. Cobbum and Mr. Downey raise two issues on appeal. Because our reversal on the first issue raised moots the second issue, we address only Ms. Cobbum and Mr. Downey's argument that the trial court abused its discretion in denying their ore tenus motion to amend the answer and affirmative defenses.

Ms. Cobbum and Mr. Downey filed an answer to CitiMortgage's complaint for foreclosure wherein they generally admitted to all paragraphs relating to CitiMortgage's compliance with conditions precedent to filing suit. The answer also specifically reserved the right to include additional defenses that could not be articulated at that time or that were discovered during the course of litigation. Ms. Cobbum and Mr. Downey were represented by counsel.

After CitiMortgage filed its amended motion for summary judgment, Ms. Cobbum and Mr. Downey filed an affidavit averring that CitiMortgage failed to provide them with the thirty-day acceleration notice to the borrower that was required by paragraph 22 of the mortgage. In the affidavit, Ms. Cobbum averred that filing the thirty-day acceleration notice was a condition precedent to the institution of the mortgage foreclosure action and that by failing to serve such notice CitiMortgage failed to comply with a condition precedent to the filing of the foreclosure, with the result that the court should deny CitiMortgage's motion for summary judgment.

At the hearing on the motion for summary judgment, CitiMortgage contended that the affidavit was insufficient to create a material issue because Ms. Cobbum and Mr. Downey had admitted in their answer that all conditions precedent had been met and no affirmative defenses had been pleaded.  Counsel for Ms. Cobbum and Mr. Downey explained that when she prepared the answer she did not know whether Ms. Cobbum and Mr. Downey had received the notice and that she had prepared the answer without raising that affirmative defense.  Counsel indicated she believed the affidavit would be sufficient to raise the issue at the hearing.  When the court found that the affidavit was insufficient, counsel orally moved for leave to amend the answer to assert the affirmative defense of failure to comply with the thirty-day notice as a condition precedent.  The court denied the motion without making findings.  The court did, however, note that the defense was not pleaded and that Ms. Cobbum's affidavit was filed three months before the summary judgment hearing.

"A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that [] (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile."  Laurencio v. Deutsche Bank Nat'l Trust Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp., 56 So. 3d 56, 62-63 (Fla. 2d DCA 2011)).  Leave to amend should be "given freely when justice so requires."  Fla. R. Civ. P. 1.190(a).  Further, " '[c]ourts should be especially liberal when leave to amend is sought *at or before* a hearing on a motion for summary judgment.' "  Laurencio, 65 So. 3d at 1193 (emphasis added) (quoting Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So. 2d 1132, 1135 (Fla. 5th DCA 1998) (internal

quotation marks omitted)); accord Hutson v. Plantation Open MRI, LLC, 66 So. 3d 1042, 1044 (Fla. 4th DCA 2011).

Here, there is no indication that the amendment would prejudice CitiMortgage. In fact, CitiMortgage "has at no point—either before the trial court or in this appeal—presented any argument that it was prejudiced." See Sun Valley Homeowners, Inc. v. Am. Land Lease, Inc., 927 So. 2d 259, 263 (Fla. 2d DCA 2006). CitiMortgage was aware that Ms. Cobbum and Mr. Downey challenged the summary judgment on the basis of failure to comply with the thirty-day notice for at least three months prior to the summary judgment hearing. And, as noted in Laurencio, this is an alleged failure of the bank to comply with its own documents. 65 So. 3d at 1193.

Nothing in the record indicates an amendment would be an abuse of the privilege. While a default against Ms. Cobbum and Mr. Downey had been vacated, there had been no amendment to pleadings. Finally, "the amendment clearly would not be futile considering the unrefuted allegations that [CitiMortgage] failed to comply with conditions precedent to suit." See Laurencio, 65 So. 3d at 1193; cf. Isaac v. Deutsche Bank Nat'l Trust Co., 74 So. 3d 495, 496 (Fla. 4th DCA 2011) (affirming denial of motion to amend where the facts establish the amendment would have been futile). Although the initial answer generally admitted that all conditions precedent had been met, CitiMortgage did not attach to its complaint any documentation of its compliance with paragraph 22 nor did it aver or argue that it had in fact complied with paragraph 22 when the issue was raised by Ms. Cobbum. And an alleged failure to comply with paragraph 22 creates a disputed issue of material fact. See Ramos v. Sabadell United Bank, N.A., 137 So. 3d 557, 557 (Fla. 4th DCA 2014).

- 4 -

The trial court should have granted Ms. Cobbum and Mr. Downey leave to file an amended answer and affirmative defenses.

Reversed and remanded.

KHOUZAM and SLEET, JJ., Concur.