IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARIA MOJICA AND SAMUEL MOJICA,

Appellants,

v.                                                          Case No.  5D14-603

BANK OF AMERICA, N.A., ETC., ET AL.,

Appellees.

_____/

Opinion filed April 1, 2016

Appeal from the Circuit Court
for Osceola County,
Jeffords D. Miller, Judge.

Monique M. Sadarangani and Jon
Lindeman, Jr., of Advocate Law Groups of
Florida, P.A., Miami Lakes, for Appellants.

Mary J. Walter, of Liebler Gonzalez &
Portuondo, Miami, and Melissa A. Giasi, of
Kass Shuler, P.A., Tampa, for Appellee
Bank of America, N.A.

No Appearance for Other Appellees.


PER CURIAM.

        Maria Mojica and Samuel Mojica ("Appellants") timely appeal the trial court's

summary final judgment of mortgage foreclosure in favor of Bank of America, N.A.

("Bank").  They argue that Bank failed to rebut their affirmative defense of lack of notice

of default and acceleration.[1]  "If the defendant pleads affirmative defenses, the *plaintiff* moving for summary judgment must either factually refute the affirmative defenses by affidavit or establish their legal insufficiency."  Bryson v. Branch Banking & Tr. Co., 75 So. 3d 783, 786 (Fla. 2d DCA 2011).  Based on a de novo review of the record before us, we find no evidence to indicate that Bank refuted Appellants' affirmative defense.  An alleged failure to comply with mortgage notice requirements creates a disputed issue of material fact and precludes summary judgment of foreclosure.  Cobbum v. Citimortgage, Inc., 158 So. 3d 755, 757-58 (Fla. 2d DCA 2015).  Accordingly, we reverse the final judgment of foreclosure and remand this case.

REVERSED and REMANDED.

LAWSON, C.J., SAWAYA and ORFINGER, JJ., concur.

---

[1] Paragraph twenty-two of the mortgage reads, in pertinent part:

> 22.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.