DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CHHS HOSPITAL COMPANY LLC, d/b/a CHESTNUT HILL HOSPITAL,

Appellant,

v.

JOHN HARMON,

Appellee.

No. 2D22-4011

_____

March 13, 2024

Appeal from the Circuit Court for Hillsborough County; Cheryl Thomas, Judge.

Christopher Biddulph of Lotane & Associates, P.A., Cocoa, for Appellant.

No appearance by Appellee.

ATKINSON, Judge.

CHHS Hospital Company LLC, d/b/a Chestnut Hill Hospital (CHHS), appeals the trial court's final judgment after denying CHHS's motion for leave to amend its complaint and granting John Harmon's motion to dismiss. Because the trial court abused its discretion when it denied CHHS's motion to amend its complaint, we reverse.

**BACKGROUND**

CHHS's suit against Harmon arises out of medical treatment that CHHS's hospital in Pennsylvania provided in July 2016 to Harmon, who is a resident of Hillsborough County, Florida. On January 25, 2021,

CHHS filed a complaint against Harmon, alleging damages of $40,902.24 based on theories of quantum meruit and unjust enrichment. CHHS alleged that Harmon consented to medical treatment at the hospital on one or more dates in July 2016 and that Harmon understood that CHHS expected to be compensated for the medical services that it rendered. Because Harmon had "failed to pay on demand," CHHS alleged that Harmon had been unjustly enriched.

Harmon filed his answer and defense. In the answer, Harmon stated that he stayed a single night in CHHS's hospital. But Harmon stated that CHHS's employees treated him after they had examined Harmon's insurance card and that he believed CHHS would be paid by his insurance company. Harmon asserted that his alleged failure "to pay on demand" occurred when he called CHHS's collection agency after he had later received a bill from the agency. According to Harmon, the "collection agency told him that, 'we don't recognize that insurance in Pennsylvania.' "

As a defense to CHHS's complaint, Harmon argued that CHHS's claim was time-barred. Harmon noted that a "legal or equitable action on a contract, obligation, or liability not founded on a written instrument" must be "commenced . . . [w]ithin four years." *See* § 95.11(3)(k), Fla. Stat. (2021). Harmon argued that under section 95.11(3)(k), CHHS had until July 6, 2020, to file its complaint. Because CHHS did not file its complaint until January 25, 2021, the time in which CHHS could have filed its complaint had expired.

On June 3, 2021, CHHS filed a motion for leave to amend its complaint to state a cause of action for breach of contract against Harmon. CHHS attached to that motion an amended complaint in which CHHS alleged that Harmon had entered a contract with CHHS "for the

2

rendition of certain medical services and/or for hospital admission" and that CHHS had rendered such services pursuant to the contract. Harmon, CHHS claimed, had breached the contract by failing to pay as agreed, and CHHS had suffered damage in the amount of $40,902.24.

To the amended complaint CHHS attached a copy of the July 4, 2016 "Contract"/"Consent"[1]—a document titled "Inpatient/Outpatient Conditions of Admission and Consent to Medical Treatment"—which contains initials and a signature alleged to be Harmon's. The first section of the document—labeled as "Assignment of Insurance Benefits/Promise to Pay"—states the following:

> I hereby assign and authorize payment directly to the Facility, and to any facility-based physician, all insurance benefits, sick benefits, injury benefits due because of liability of a third-party, or proceeds of all claims resulting from the liability of a third party, payable by any party, organization, et cetera, to or for the patient unless the account for this Facility, outpatient visit or series of outpatient visits is paid in full upon discharge or upon completion of the outpatient series. If eligible for Medicare care, I request Medicare services and benefits. I further agree that this assignment will not be withdrawn or voided at any time until the account is paid in full. *I understand that I am responsible for any charges not covered by my insurance company.*
>
> I understand that I am obligated to pay the account of the Facility in accordance with the regular rates and terms of the Facility. If I fail to make payment when due and the account becomes delinquent or is turned over to a collection agency or an attorney for collection, I agree to pay all collection agency fees, court costs and attorney's fee. I also agree that any patient or guarantor overpayments on the above Facility visit may be applied directly to any delinquent account for which I or my guarantor is legally responsible at the time of the collection of the overpayment. I consent for the Facility to appeal on my behalf any denial for

---

[1] Depending on the motion, CHHS refers to the document with both terms.

3

reimbursement, coverage, or payment for services or care provided to me.

(Emphasis added.).

On June 9, 2021, Harmon filed a motion to dismiss CHHS's complaint. Harmon reiterated that CHHS had failed to file its action for relief under quantum meruit and unjust enrichment by July 6, 2020. Harmon argued that he was therefore entitled to dismissal of the action.

CHHS responded with its memorandum in opposition to Harmon's motion to dismiss and asserted that it had "inadvertently filed the incorrect Complaint sounding in Quantum Meruit rather than the intended cause of action under Breach of Contract." CHHS argued that it had "corrected the error by filing a Motion for Leave to Amend Complaint on June 3, 2021," prior to Harmon's filing his Motion to Dismiss. Unlike those actions not founded on a written instrument which must be commenced within four years, § 95.11(3)(k), generally a "legal or equitable action on a contract, obligation, or liability founded on a written instrument" must be "commenced . . . [w]ithin five years," § 95.11(2)(b). Thus, CHHS contended that because the amended action carried a five-year statute of limitation, Harmon's motion should be denied.

After a nonevidentiary telephone conference, held for both CHHS's Motion for Leave to Amend Complaint and Harmon's Motion to Dismiss, the trial court issued a written order denying CHHS's motion and granting Harmon's motion and entered a final judgment. Subsequently, the trial court denied CHHS's motion for rehearing.

## ANALYSIS

"We review the denial of a motion for leave to amend a complaint under an abuse of discretion standard." *Drish v. Bos*, 298 So. 3d 722, 723 (Fla. 2d DCA 2020) (citing *Saidi v. Saqr,* 207 So. 3d 991, 992 (Fla.

4

5th DCA 2016)). CHHS contends that the trial court abused its discretion when it denied its motion to amend its complaint and, consequently, granted Harmon's motion to dismiss.

Once a responsive pleading is served, "a party may amend a pleading only by leave of court or by written consent of the adverse party. . . . Leave of court shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). "The Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial . . . . Absent exceptional circumstances, motions for leave to amend should be granted, and refusal to do so constitutes an abuse of discretion." *Drish*, 298 So. 3d at 723–24 (ellipsis in original) (quoting *Morgan v. Bank of N.Y. Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016)). "A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that . . . (1) the amendment would prejudice the opposing party, (2) the privilege to amend has been abused, or (3) the amendment would be futile." *Cobbum v. CitiMortgage, Inc.*, 158 So. 3d 755, 757 (Fla. 2d DCA 2015) (quoting *Laurencio v. Deutsche Bank Nat'l Tr. Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011)). "[C]ourts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." *Sorenson v. Bank of N.Y. Mellon as Tr. for Certificate Holders CWALT, Inc.*, 261 So. 3d 660, 663 (Fla. 2d DCA 2018) (quoting *Laurencio*, 65 So. 3d at 1193).

Here, there is no basis in the record for concluding that CHHS's motion to amend its complaint would prejudice Harmon. *See Reyes v. BAC Home Loans Servicing L.P.*, 226 So. 3d 354, 357 (Fla. 2d DCA 2017) ("BAC failed to establish that it would have been prejudiced by the amendment."); *Kimball v. Publix Super Mkts. Inc.*, 901 So. 2d 293, 296

5

(Fla. 2d DCA 2005) (holding that the trial court had abused its discretion in denying Kimball's motion to amend its complaint in part because "[t]here was no showing that Publix would suffer prejudice if the motion to amend were granted"). CHHS's motion to amend its complaint was filed early in the proceedings, even before Harmon filed his motion to dismiss. *See Sorenson*, 261 So. 3d at 663 (" '[L]iberality in granting leave to amend diminishes as the case progresses to trial.' But even where the motion to amend is not filed until shortly before trial, the 'justice factor' can outweigh the prejudice to the opposing party caused by having to prepare for the new issue—typically, such prejudice should be remedied with a continuance instead of the denial of amendment." (quoting *Marquesa at Pembroke Pines Condo. Ass'n v. Powell*, 183 So. 3d 1278, 1280 (Fla. 4th DCA 2016))); *Cobbum*, 158 So. 3d at 757 ("[C]ourts should be especially liberal when leave to amend is sought *at or before* a hearing on a motion for summary judgment." (emphasis in original) (quoting *Laurencio*, 65 So. 3d at 1193)); *Marquesa*, 183 So. 3d at 1281 (holding that a motion coming "shortly before a summary judgment hearing" "dictate[d] that Appellant should have been permitted to add the breach of contract claim"); *Carib Ocean Shipping, Inc. v. Armas*, 854 So. 2d 234, 235–37 (Fla. 3d DCA 2003) (concluding that there was no prejudice where proposed amended answer raising new affirmative defense was filed "shortly before trial" and despite defendant's concession that the failure to include defense in previous pleading "was pure negligence"). The breach of contract claim was based in the same facts as the original quantum meruit claim. *See Dausman v. Hillsborough Area Reg'l Transit*, 898 So. 2d 213, 215 (Fla. 2d DCA 2005) ("Leave to amend should be freely given, the more so . . . when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was

6

brought." (ellipsis in original) (quoting *Spolski Gen. Contractor, Inc. v. Jett–Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968, 970 (Fla. 5th DCA 1994))); *cf. Agate v. Clampitt*, 80 So. 3d 450, 452 (Fla. 2d DCA 2012) ("The Agates wish to claim quantum meruit based on the same conduct and transactions they had with Mr. Clampitt. Therefore, Mr. Clampitt would not be unduly prejudiced by allowing such amendment at this time . . . ."). And there is no indication that "the parties [had] engaged in protracted discovery." *See GEICO Gen. Ins. v. A & C Med. Ctr., Inc.*, 357 So. 3d 233, 235 (Fla. 3d DCA 2023). There is no reason to believe that the amendment unfairly prejudiced Harmon's ability to defend against the suit.

The remaining permissible reasons to deny a motion to amend a complaint are likewise inapplicable. CHHS did not abuse "the privilege to amend as this was [CHHS]'s first requested amendment." *See DJB Rentals, LLC v. City of Largo*, 373 So. 3d 405, 412 (Fla. 2d DCA 2023) (citing *Fayad v. Univ. of Miami*, 307 So. 3d 114, 118 (Fla. 3d DCA 2020)); *see also Bosco v. Glob. Props. of Naples, LLC*, 319 So. 3d 181, 183 (Fla. 2d DCA 2021) ("[A]s this would be the first amendment to the Guarantors' counterclaim, there is clearly no abuse of the privilege."). There is no reason to conclude that CHHS's breach of contract claim would be futile. The basis for dismissing CHHS's quantum meruit claim—that is, that the claim was time-barred, *see* § 95.11(3)(k)—is not applicable to CHHS's breach of contract claim because the latter is "founded on a written instrument," *see* § 95.11(2)(b). And CHHS's proffered breach of contract claim is facially plausible. For example, Harmon conceded in his answer to the complaint that he was treated by and stayed overnight at CHHS's hospital, and the amended complaint's allegations and attachment support the theory that Harmon entered into

7

an agreement by signing a document stating that he "underst[oo]d that [he was] responsible for any charges not covered by [his] insurance company." *See Port Marina Condo. Ass'n v. Roof Servs.* 119 So. 3d 1288, 1291 (Fla. 4th DCA 2013) ("A denial of leave to amend a pleading is an abuse of discretion where the proffered amendment indicates that a plaintiff can state a cause of action." (quoting *Wayne Creasy Agency v. Maillard*, 604 So. 2d 1235, 1236 (Fla. 3d DCA 1992))).

There is no support in the record for the trial court's denial of CHHS's motion to amend its complaint. Consequently, we reverse the final judgment and remand with instructions for the trial court to grant CHHS's motion to amend its complaint.

Reversed and remanded.

CASANUEVA and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.